IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHAD KEILMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-161-J |
| | ) |
| MICHELLE KING,[1] | ) |
| *Commissioner of Social Security,* | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 3rd day of February, 2025, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).   *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's

---

[1] Michelle King is substituted as the defendant in this matter, replacing former Acting Commissioner Carolyn Colvin pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).   The Clerk is directed to amend the docket to reflect this change.

1

decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2]  Plaintiff contends that the Administrative Law Judge ("ALJ") failed to properly assess his listing level impairments, erred in analyzing the medical evidence, and crafted an inaccurate residual functional capacity ("RFC"). (Doc. No. 10). Additionally, Plaintiff argues that the Appeals Council erred by failing to admit new and material evidence not available before Plaintiff's hearing. (*Id.*). After reviewing the record, the Court disagrees with Plaintiff and finds that substantial evidence supports the ALJ's decision.

The Court finds no merit in Plaintiff's argument that the ALJ failed to assess his Listing level impairments. Plaintiff argues the ALJ failed to consider whether his migraines met or equaled Listing 11.02 and did not accurately assess the four broad functional areas (the "Paragraph B Criteria"), as many medical sources opined that Plaintiff had several marked limitations. (*Id.* at 30-34). The Court finds the ALJ's analysis of the Listings is supported by substantial evidence. The ALJ specifically analyzed Plaintiff's migraine headaches under Listing 11.02 and found this Listing was not met because Plaintiff's medical records did not reveal the frequency and duration required by this Listing. (R. 29). Further, the ALJ adequately assessed the Paragraph B criteria as he found moderate limitations in each criterion based on state agency medical findings, Plaintiff's testimony, and medical records. (R. 29-30). Plaintiff points to the severe limitations found by other medical sources, including Dr. William Bush, Ed.D., Brad Coyle, M.A., L.P.C., and Dr. Molly Trostle, D.O., but the ALJ considered all of these findings and found these opinions not persuasive. (Doc. No. 10 at 30-34; R. 36, 38). Plaintiff also emphasizes the findings of Dr. Patrick Carone, M.D., M.B.A, who found that Plaintiff was completely disabled. (R. 18). However, Dr. Carone's opinion was rendered after the ALJ's decision, a fact which Plaintiff acknowledges later in his brief. (Doc. No. 10 at 22-23). Accordingly, the Court construes Plaintiff's argument as a request to reweigh the evidence and rejects it as such. *See Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009).

Plaintiff next contends that the ALJ erred in assessing the medical opinion evidence. (Doc. No. 10 at 34-38). Specifically, Plaintiff contends the ALJ did not adequately analyze the opinions of Drs. Corlis Oliver, M.D., Robert Warner, M.D., Cole McCracken, Psy.D., Phyllis Brentzel, Psy. D., and Anne Miller, Ph.D. (*Id.*). As to opinions regarding his physical impairments, Plaintiff argues the opinions of Drs. Oliver and Warner were rendered early in time and did not benefit from the full record, including the opinions and findings of Plaintiff's treating providers and later evidence showing Plaintiff's neck, back, and knee impairments, and continued headaches and migraines.

(*Id.*).   As a result, Plaintiff contends the ALJ erred by finding these opinions consistent with and supported by the record.   (*Id.*).   The Court notes that Drs. Oliver and Warner opined that Plaintiff was capable of light work with postural limitations and the ALJ was partially persuaded by these opinions as they were not fully consistent with the record, showing, among other things, swelling in the right knee despite treatment, and other evidence showing greater postural and exertional limitations.   (R. 36; Exs. 2A, 4A).   These doctors' opinions show that they were aware of Plaintiff's knee and back impairments, and physical symptoms involving his elbow.   (Exs. 2A/7-8, 13-14; 4A/13, 21).   While these doctors certainly could not be aware of evidence acquired after the time that they rendered their opinions, the fact that their opinions were rendered before other evidence became available does not mean that the ALJ was prohibited from affording their opinions substantial weight.   *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) (stating "[t]he Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it.").   Accordingly, Plaintiff's argument on this point fails.

As to opinions regarding his mental impairments, Plaintiff posits that the ALJ erred in finding the opinions of state agency medical sources, Drs. McCracken and Brentzel, persuasive and consultative examiner, Dr. Miller, partially persuasive as these opinions were not consistent with or supported by the record.   (Doc. No. 10 at 36-38).   Plaintiff contends that other opinions, specifically those from Plaintiff's treating and examining providers, contrasted significantly from the opinions of Drs. McCracken, Brentzel, and Miller as they consistently noted that Plaintiff struggled with multiple mental impairments and that these impairments were more severe than those opined by Drs. McCracken, Brentzel, and Miller.   (*Id.*).   The Court again construes this argument as a request to reweigh the evidence as the ALJ analyzed these opinions in accordance with the applicable regulations.   The ALJ found all of the treating providers' opinions and the other consultative examiner's opinion not to be persuasive.   (R. 36-38).   Additionally, in analyzing these opinions the ALJ sufficiently compared them with the record as a whole. (R. 36-37).   The fact that the ALJ did not explicitly compare the opinions of Drs. McCracken, Brentzel, and Miller with the opinions of Plaintiff's treating and examining sources does not, alone, require remand as the regulations do not mandate that the ALJ discuss the consistency between specific medical source opinions.   *See* 20 C.F.R. § 404.1527(c)(4); *Nelson v. Kijakzi*, No. 21-186, 2022 WL 504578, at *1 n.3 (W.D. Pa. Feb. 18, 2022) (noting "while consistency is a factor ALJs consider in their evaluation of medical opinion evidence, they are not specifically required to catalogue consistencies between medical opinions in their decisions").   Thus, Plaintiff's argument is without merit.

The Court also rejects Plaintiff's argument that the ALJ assessed an inaccurate RFC.   (Doc. No. 10 at 38-40).   Plaintiff contends his RFC did not fully incorporate his back and knee pain, and should have included further limitations, such as foot controls on

the right side, a prohibition on his ability to kneel, crouch, and crawl, and limitations incorporating the use of his arms and shoulders due to a left elbow injury and neck injury. (*Id.*). Plaintiff also alleges that his RFC does not account for his mental impairments, including his severe trauma-related symptoms, anxiety, panic attacks, and depression. (*Id.*). The Court notes that the ALJ assessed Plaintiff to have the following RFC:

> [T]he undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) along with occasional pushing and pulling operations bilaterally with the lower extremities and occasional climbing ramps and stairs, balancing, stooping, kneeling, crouching and crawling but never climbing ladders, ropes, or scaffolds or tolerating exposure to other hazards, such as heights or machinery. The claimant cannot tolerate concentrated exposure to fumes, odors, dust gases, or poor ventilation. The claimant is limited to no public interaction and to occasional interaction with coworkers and supervisors. He can perform production line-type work requiring little independent decision making, and he is limited to routine, repetitive tasks involving one- and two-step tasks.

(R. 31). In crafting this RFC, the ALJ analyzed Plaintiff's back and knee pain. (R. 31-33). Specifically, the ALJ noted that Plaintiff alleged disability based, in part, on back and knee pain, and swelling in his knee. (R. 31). Further, the ALJ mentioned that the record revealed that Plaintiff's lower back and knee pain started as the result of an assault at work and that examinations found Plaintiff had tenderness to palpitation, reduced range of motion, and weakness in his extremities. (R. 33). Additionally, the ALJ evaluated Plaintiff's need for foot controls as Dr. Warner opined that Plaintiff should only occasionally perform push and pull operations with bilateral lower extremities and the ALJ incorporated this into Plaintiff's RFC. (Ex. 4A/19, 31, 36).

Further, the ALJ made clear that the record demonstrated that Plaintiff only needed a limitation to occasional kneeling, crouching, and crawling. Indeed, the ALJ explained:

> The claimant's established functional limitations secondary to the medically determinable impairments are accommodated in the above residual functional capacity assessment through the limitation to . . . occasional climbing ramps and stairs, balancing, stooping, kneeling, crouching and crawling . . . [t]hese limitations accommodate the right knee and lumbar degenerative disc disease[.]

(R. 39). Lastly, the ALJ assessed all of Plaintiff's mental impairments, including his anxiety, panic attacks, and depression. On this point, the ALJ included social limitations and mental limitations to accommodate Plaintiff's anxiety, panic, and moderate limitations

4

in several of the Paragraph B criterion.  (*Id.*).  In making this determination, the ALJ evaluated all of Plaintiff's mental health diagnoses, including post-traumatic stress disorder, depression, and anxiety.  (R. 31-39).  Accordingly, Plaintiff's argument on this point is without merit.

The Court further rejects Plaintiff's argument that the Appeals Council erred by failing to admit the July 2022 report from Dr. Carone, who performed an independent medical evaluation and opined that Plaintiff was completely disabled (Doc. No. 10 at 41-42; R. 8-19).  Plaintiff contends that remand is required because Appeals Council did not review this report, which although not generated until after Plaintiff's hearing, relates to the time period at issue.  (Doc. No. 10 at 41-42).  The Court notes that it has no authority to review the actions of Appeals Council in denying review.  *See Matthews v. Apfel*, 239 F.3d 589, 592-94 (3d Cir. 2001).  As such, the Court construes Plaintiff's contention as an argument pursuant to sentence six of 42 U.S.C. § 405(g), which provides that:

> [The court] may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding.

Here, remand is not warranted based on Dr. Carone's report as this evidence, while new, is cumulative of other evidence in the record and, therefore, unlikely to be material as it would have not changed the outcome of the determination.  Dr. Carone opined that Plaintiff was completely disabled based on his severe conditions, including post-concussive syndrome, post-traumatic stress disorder, right knee traumatic osteoarthritis, and cervical/thoracic myofascial pain syndrome.  (R. 17-18).  This is cumulative of other reports within the record, such as the opinion of Dr. Trostle, who found that Plaintiff was only capable of working one to four hours in an eight-hour workday.  (Ex. 39F).  *See McGraw v. Comm'r of Soc. Sec.*, 609 Fed. Appx. 113, 116 (3d Cir. 2015) (stating that failure to discuss a doctor's report is harmless where it was considered cumulative evidence "and the report therefore added nothing that the ALJ had not already taken into account."). Further, Plaintiff fails to demonstrate good cause for not having incorporated this evidence into the administrative record.  *See Stover v. Comm'r of Soc. Sec.*, No. CV 16-1265, 2017 WL 3190724, at *4 (W.D. Pa. July 27, 2017) (stating the mere fact that evidence did not exist at the time of the hearing is not good cause for failure to timely obtain and file such evidence before the ALJ).  Moreover, Plaintiff provides no explanation as to why he could not have scheduled the exam in a timely manner.  Accordingly, remand is not warranted on this ground.

For these reasons, the ALJ's findings and conclusions are supported by substantial evidence.  Therefore, the Court affirms the findings of the Commissioner.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 9) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 16) is GRANTED.

s/Mark R. Hornak, J.
United States District Judge

ecf:     Counsel of record